UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ELTON ROBERTS,

    Plaintiff,

v.                                            Case No. 3:22-cv-575-MMH-JBT

THE FLORIDA DEPARTMENT OF
CORRECTIONS, and CHAPLAIN
M. MILLER,

    Defendants.
_____

## ORDER

    Plaintiff James Elton Roberts, an inmate of the Florida penal system, initiated this action on May 20, 2022, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) pursuant to 42 U.S.C. § 1983. Roberts names the Florida Department of Corrections (FDOC) and FDOC Chaplain M. Miller as Defendants. Roberts asserts that Defendants violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) when they denied his request to be placed on a kosher diet plan.

    In his Complaint, Roberts provides the Court with only a one-sentence statement of the facts underlying his claim. He wholly fails to allege what each Defendant individually did or failed to do that resulted in his injury. Because of the vague, conclusory nature of the allegations in his Complaint, the Court will allow Roberts an opportunity to file an amended complaint using the enclosed civil rights complaint form.

    A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: the conduct complained of was committed by a person acting under color of

state law, and this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. To state a plausible claim for relief, Roberts must allege facts showing how each Defendant personally participated in the alleged constitutional violation.

Although a complaint need not set forth factual allegations, a plaintiff must provide more than mere "labels and conclusions" and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient "to state a claim to relief that is plausible on its face." Id. at 570. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 10 requires that all averments of the claim "shall be made in numbered paragraphs" and limited to "a statement of a single set of circumstances." Therefore, Roberts should set forth the facts in sequentially numbered paragraphs, each devoted to a single set of circumstances. Notably, an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co., 959 F.3d 1318, 1327 (11th Cir. 2020). Thus, Roberts's amended complaint must include all related claims he wishes to raise and must not reference the initial Complaint.

Further, any affidavits, supporting documents, and/or supplements should be marked as exhibits. Roberts must individually label his exhibits in the lower right-hand corner of each exhibit. Additionally, he must submit an "Exhibit List" with the title, a brief

description, and date of each exhibit. After completing his amended complaint, Roberts must mail it to the Court with one copy for each defendant.

Therefore, it is now

**ORDERED:**

1.  Roberts must file an amended complaint and provide to the Court service copies for each named defendant no later than **July 7, 2022**. This case number should be affixed to the civil rights complaint form, and the words "Amended Complaint" should be written at the top of the form.

2.  The **Clerk** shall send Roberts a blank civil rights complaint form.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of June, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Jax-9
C:   James Elton Roberts #132873