UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ELTON ROBERTS,

    Plaintiff,

v.                                                                                       Case No. 3:22-cv-575-MMH-JBT

FLORIDA DEPARTMENT OF
CORRECTIONS and M. MILLER,

    Defendants.

_____

## **ORDER**

### I. Status

Plaintiff James Elton Roberts, an inmate in the custody of the Florida Department of Corrections (FDOC), initiated this action on May 25, 2022, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) pursuant to 42 U.S.C. § 1983.[1] Roberts proceeds on an Amended Complaint (AC; Doc. 10). He names the FDOC and Chaplain M. Miller as Defendants. In the AC, Roberts alleges Defendants violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) when they denied his request for a kosher diet on January 27, 2022.

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

As relief, Roberts requests court costs and "to be placed on the Religious Diet Program kosher meal." AC at 3.

This matter is before the Court on Defendants' Motion to Dismiss (Motion; Doc. 15) pursuant to Federal Rule of Civil Procedure 12(b)(1). In support of the Motion, Defendants have submitted exhibits. See Docs. 15-1 through 15-4. Roberts filed a response in opposition to the Motion. See Motion to Show Cause (Response; Doc. 18). He also submitted exhibits. See Doc. 18-1. Defendants' Motion is ripe for review.

## II. Plaintiff's Allegations

As to the specific underlying facts supporting his claim, Roberts asserts that he received a "Notice of Violation for the Religious Diet Program kosher meal" on July 15, 2021. AC at 2. According to Roberts, although he responded to the notice, he subsequently received another "violation form" stating that he failed to submit a response. Id. Roberts complains that the FDOC withdrew him from the Religious Diet Program (RDP) and advised him that he could reapply on January 23, 2022. Id. He reapplied to the RDP on that date. Id. Roberts contends that, on January 27, 2022, he received a response that "approval [was] in process allow 10 days." Id. However, Chaplain M. Miller, the "overseer" of the RDP, then denied Roberts' application because he did not

2

"describe [the] diet that was part of [his] religious obligation such as permitted or restricted foods, prep[a]ration methods, etc., and [was] unable to articulate an understanding of the kosher process. . . . ." Id. Roberts maintains he properly described the kosher process. Id. at 3. He asserts the FDOC and Miller have denied him kosher meals in violation of the First Amendment and RLUIPA. Id. at 1-2. As relief, Roberts requests "to be placed on the Religious Diet Program kosher meal . . . and all court costs to be paid by the defendants including filing fees and whatever other costs that result from this case." Id. at 3.

### III. Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12(b)(1) challenges the subject matter jurisdiction of the court. Jurisdiction may be attacked facially or factually. Kennedy v. Floridian Hotel, Inc., 998 F.3d 1221, 1230 (11th Cir. 2021). In a facial challenge, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). On the other hand, factual attacks "challenge the 'existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Id.

3

(citation omitted). In considering a factual attack on subject matter jurisdiction, a court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). The plaintiff bears the burden of proving that jurisdiction exists when the defendant wages a factual attack. OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002). However, the Eleventh Circuit has cautioned that if a jurisdictional challenge implicates the merits of the underlying claim, the district court should "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (quoting Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997)). Here, Defendants bring a factual attack on subject matter jurisdiction such that the Court may consider matters outside the pleadings.

### IV. Summary of the Arguments

In the Motion, Defendants argue that Roberts' claims against them should be dismissed as moot because they have provided him with the requested relief: placement on the RDP. Motion at 2. They contend that although Roberts also asks for court costs, he is not entitled to them. Id. at 4.

4

In support, Defendants attach an RDP application submitted by Roberts on July 27, 2022, and approved by Miller on July 29, 2022. Doc. 15-1. They also submit a copy of an email between Miller and his supervisor, Doc. 15-2; a list titled "Today's Enrolled RDP Inmates," showing Roberts with an approved start date of August 8, 2022, Doc. 15-3; and a declaration by Miller, Doc. 15-4.

In response, Roberts argues that the action is not moot because he requested placement on the RDP, as well as "punitive damages in the form of all court costs and/or attorney fees to be paid by defendants taking the $350 lien off of [his] FDOC account to deter any future misconducts." Response at 1. To support his argument, he attaches a series of grievances and responses from 2020 through 2022. Doc. 18-1.

## V. Analysis

Federal courts are courts of limited jurisdiction. See Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003) (citation omitted). "Among other limitations, the federal courts' jurisdiction is circumscribed by Article III [of the Constitution]'s case or controversy requirement." Id. (citations omitted). "Mootness is among the important limitations placed on the power of the federal judiciary and serves long-established notions about the role of unelected courts in our democratic system." Nat'l Advert. Co. v. City of Miami, 402 F.3d 1329, 1332

(11th Cir. 2005). As a result, the court lacks subject matter jurisdiction over moot claims, as any opinion rendered on such a claim would be an impermissible advisory opinion. See id. (citations omitted). The existence of developments in a case subsequent to the initiation of the lawsuit can render an action moot. See Graham v. Butterworth, 5 F.3d 496, 499 (11th Cir. 1993); see also Nat'l Advert., 402 F.3d at 1332. Indeed, the Eleventh Circuit has recognized that a case becomes "'moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Graham, 5 F.3d at 499 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) (citations omitted).

Nevertheless, a narrow exception to the mootness doctrine exists where "'(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration.'" Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (emphasis omitted) (quoting Sierra Club v. Martin, 110 F.3d 1551, 1554

(11th Cir. 1997)). A remote possibility that an event will reoccur is insufficient to invoke the exception, "and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." Id.

Here, Roberts requested as relief "to be placed on the Religious Diet Program kosher meal . . . ." AC at 3. Defendants have submitted evidence that Roberts reapplied to the RDP on July 27, 2022. Doc. 15-1 at 2. Miller approved his application, id. at 3, and reenrolled Roberts in the RDP on August 8, 2022, Doc. 15-3 at 2. Roberts does not dispute these facts. See generally Response. As such, it appears Roberts' claim for injunctive relief is moot.

To the extent Roberts contends his removal from the RDP is capable of repetition, such an argument is unavailing. In his declaration, Miller avers that he became aware of Roberts' suit after he received the July 27th application. Doc. 15-4 at 2. Therefore, he asked his supervisor to review the application so an "independent decisionmaker" could determine Roberts' request. Id. Miller's supervisor ultimately approved Roberts' reenrollment in the program. Id. A copy of an email between Miller and his supervisor confirms these representations. Doc. 15-2 at 2.

As Miller states, "[t]he only reason why Plaintiff may be removed from the program in the future is due to a violation of the rules by Plaintiff relating

7

to participation in the program." Doc. 15-4 at 3. Notably, the RDP application provides that by signing, the inmate understands and agrees to abide by certain rules if the application is approved. Doc. 15-1 at 2. Roberts submitted a signed application that Miller and his supervisor approved. Id.; Doc. 15-4 at 3. Therefore, whether Roberts continues to participate in the RDP is within his control. The grievances attached to the Response do not constitute evidence to the contrary, and any speculation as to whether Miller will remove Roberts from the RDP absent a violation is insufficient to invoke the exception to the mootness doctrine. See Witherspoon v. Waybourn, No. 4:20-CV-1150-P, 2021 WL 2635917, at *6 (N.D. Tex. June 25, 2021) (finding plaintiff failed to "meet his burden of invoking the narrow exception to the mootness doctrine" where he only speculated that defendant would not allow him to receive a kosher diet in the future).[2] Accordingly, Roberts has failed to satisfy his burden of demonstrating that jurisdiction exists. See Nelson v. Miller, 570 F.3d 868, 882 (7th Cir. 2009) (affirming district court's finding that request for injunctive relief was moot where plaintiff received his requested diet), abrogated on other

---

[2] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

grounds by Jones v. Carter, 915 F.3d 1147, 1149-50 (7th Cir. 2019); Dejerinett v. Burch, No. 4:19CV203-RH-HTC, 2019 WL 4862193, at *3 (N.D. Fla. July 24, 2019), report and recommendation adopted sub nom. Dejerinett v. Captain, No. 4:19CV203-RH-HTC, 2019 WL 4861898 (N.D. Fla. Oct. 1, 2019) (same).

Roberts further argues that his claim is not moot because he requested "punitive damages in the form of all court costs and/or attorney fees to be paid by defendants taking the $350 lien off of [his] FDOC account . . . ." Response at 1. However, he never requested such relief in the AC. See AC at 3 (requesting "all court costs to be paid by the defendants including filing fees and whatever other costs that result from this case."). Roberts may not amend his AC in a response to a motion to dismiss. See Fed. R. Civ. P. 7(b); Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quotations and citation omitted).

Nevertheless, Roberts is not entitled to court costs. Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." In Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, the Supreme Court defined a prevailing party

9

as one who has achieved a "judicially sanctioned change in the legal relationship of the parties." 532 U.S. 598, 605 (2001). "In other words, there must be: (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." Smalbein v. City of Daytona Beach, 353 F.3d 901, 904-05 (11th Cir. 2003) (quotation marks, citation, and emphasis omitted). Here, even though Roberts received the relief requested—replacement on RDP—no "judicial imprimatur" has occurred. As such, Roberts is not a prevailing party who may recover court costs. Accordingly, Defendants' Motion is due to be granted for lack of subject matter jurisdiction.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Defendants Florida Department of Corrections and Chaplain M. Miller's Motion to Dismiss (Doc. 15) is **GRANTED**.

2. Plaintiff James Elton Roberts' Amended Complaint (Doc. 10) is **DISMISSED without prejudice**.

3. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of June, 2023.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/2
c: James Elton Roberts #132873
   Counsel of record

11